UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNA MARIE MALOY, an individual,

                    Plaintiff,

    v.

LOHI TECH, INC. d/b/a SOWTECH, a California Corporation, and AMAZON.COM, INC. d/b/a AMAZON, a Washington Corporation,

                    Defendants.

NO.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DONNA MARIE MALOY, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND~MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendants, LOHI TECH, INC. d/b/a SOWTECH (hereafter referred to as "SOWTECH" or "Defendant "SOWTECH") and AMAZON.COM, INC. d/b/a AMAZON (hereafter referred to as "Amazon" or "Defendant Amazon") (collectively, "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## I.    NATURE OF THE CASE

1.    This is a product liability action based upon causes of action under the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.,* for strict liability, negligence, breach of

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

implied warranties, etc., seeking recovery for substantial personal injuries and damages suffered by Plaintiff.

2.      Plaintiff seeks recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a SOWTECH Espresso Machine, Model No. CM5409-UL (hereafter generally referred to as "espresso machine(s)" or "subject espresso machine") designed, manufactured, marketed, imported, distributed and/or sold by SOWTECH and marketed, imported, distributed, and sold by Amazon.

3.      On or about June 22, 2023, Plaintiff ordered the subject espresso machine from Amazon. The espresso machine was delivered to Plaintiff's home shortly thereafter on June 24, 2023.

4.      On or about June 29, 2023, Plaintiff decided to make espresso in the subject espresso machine. After the timer went off, Plaintiff went over to the espresso machine to check on the coffee and ensure it was finished percolating. Suddenly, the espresso machine's glass carafe shattered, and the scalding hot contents of the carafe were sprayed across Plaintiff's left arm.

5.      As a result, Plaintiff sustained second-degree burns to her left elbow. Plaintiff has ongoing issues with itching, sensitivity, pain, and discomfort and now has permanent scarring and discoloration.

6.      Defendants advertise that the subject espresso machine comes equipped with a "Durable Tritan Cup" which it boasts "compared with ordinary glass cups" are "high-quality, BPA-free…shatterproof, safe, and lightweight."[1]

7.      Despite Defendants' claims that the espresso machines' carafes are "shatterproof" and "safe," Defendants designed, manufactured, marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

---

[1] *See* https://www.amazon.com/SOWTECH-Espresso-Machine-Cappuccino-Frother/dp/B0B5R9GP7J (last accessed May 27, 2025).

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 2

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

8.      Specifically, said defects manifest themselves when, despite Defendants' claims to the contrary, the espresso machines' glass carafes shatter during normal, directed use of the espresso machines, causing the scalding hot contents to be projecting onto unsuspecting consumers.

9.      Notably, this is not the first time a consumer has been seriously injured using one of Defendants' espresso machines.

10.     On July 8, 2021, SOWTECH, in conjunction with the consumer Products Safety Commission ("CPSC") announced a recall of approximately 24,900 SOWTECH Model No. CM6811 Espresso Machines with glass carafes after receiving ***48 reports of the espresso machines' glass carafes breaking, resulting in at least five burn injuries.***[2] According to the recall notice, the espresso machines' glass carafe could "break while in use, posing a burn hazard to consumers" – just as the glass carafe for Plaintiff's espresso machine did here.[3]

11.     Defendants knew or should have known of these defects, but nevertheless put profit ahead of safety by continuing to sell their espresso machines to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective espresso machines despite the risk of significant injuries to Plaintiff and consumers like her.

12.     As a direct and proximate result of Defendants' collective conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**II.      DONNA MARIE MALOY**

13.     Plaintiff is a resident and citizen of the City of Oklahoma City, County of Oklahoma, State of Oklahoma, and at all times relevant has been domiciled in the same.

---

[2] *See* the CPSC Recall Notice dated July 8, 2021 (https://www.cpsc.gov/Recalls/2021/LoHi-Tech-Recalls-SOWTECH-Espresso-Machines-Due-to-Burn-Hazard-Recall-Alert), a copy of which is attached hereto as Exhibit A and is incorporated by reference.

[3] *Id*.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 3

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

14.    Plaintiff purchased the subject espresso machine online from Amazon.com.

15.    On or about June 29, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the subject espresso machine's glass carafe unexpectedly shattering during the normal, directed use of the espresso machine, allowing its scalding hot contents to spray out of the carafe and onto Plaintiff.

### III.    LOHI TECH, INC. d/b/a SOWTECH

16.    Defendant LoHi Tech, Inc. d/b/a SOWTECH ("SOWTECH") designs, manufactures, markets, imports, distributes and sells a variety of consumer products, including the subject espresso machine in this case.

17.    Defendant SOWTECH is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of California with its headquarters and principal place of business located in California. SOWTECH does business in all 50 states. SOWTECH is therefore deemed to be a resident and citizen of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

18.    At all times relevant, SOWTECH substantially participated in the design, manufacture, marketing, import, distribution and sale of the subject espresso machine, which caused Plaintiff's injuries and damages.

### IV.    AMAZON.COM, INC. d/b/a AMAZON

19.    Defendant Amazon.com, Inc. d/b/a Amazon ("Amazon") markets, imports, distributes and sells a variety of consumer products, including the subject espresso machine in this case.

20.    Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 4

21.    At all times relevant, Amazon substantially participated in the marketing, import, distribution and sale of the subject espresso machine, which caused Plaintiff's injuries and damages.

## V.    JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Amazon is a resident and citizen of the State of Washington.

21.    Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that both Defendant Amazon and Defendant SOWTECH have sufficient minimum contacts with the State of Washington and intentionally availed themselves of the markets within Washington through the promotion, sale, marketing, and distribution of their products.

## VI.    FACTUAL BACKGROUND

22.    Defendants are engaged in the business of marketing, importing, distributing, and selling a wide range of consumer products, including the subject "SOWTECH Espresso Machine," which specifically includes the Model No. CM5409-UL which is at issue in this case.

23.    Upon information and belief, the subject espresso machine was designed, manufactured, marketed, imported, distributed, and/or sold by SOWTECH, and marketed, imported, distributed, and/or sold by Amazon.

22.    On or about June 22, 2023, Plaintiff ordered the subject espresso machine from Amazon. The espresso machine was delivered to Plaintiff's home shortly thereafter on June 24, 2023.

23.    On or about June 29, 2023, Plaintiff decided to make espresso in the subject espresso machine. After the timer went off, Plaintiff went over to the espresso machine to check

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

on the coffee and ensure it was finished percolating. Suddenly, the espresso machine's glass carafe shattered, and the scalding hot contents of the carafe were sprayed across Plaintiff's left arm.

24.    As a result, Plaintiff sustained second-degree burns to her left elbow. Plaintiff has ongoing issues with itching, sensitivity, pain, and discomfort and now has permanent scarring and discoloration.

25.    Defendants advertise that the subject espresso machine comes equipped with a "Durable Tritan Cup" which it boasts "compared with ordinary glass cups" are "high-quality, BPA-free…shatterproof, safe, and lightweight."[4]

26.    Despite Defendants' claims that the espresso machines' carafes are "shatterproof" and "safe," Defendants designed, manufactured, marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

27.    Specifically, said defects manifest themselves when, despite Defendants' claims to the contrary, the espresso machines' glass carafes shatter during normal, directed use of the espresso machines, causing the scalding hot contents to be projecting onto unsuspecting consumers.

28.    Notably, this is not the first time a consumer has been seriously injured using one of Defendants' espresso machines.

29.    On July 8, 2021, SOWTECH, in conjunction with the consumer Products Safety Commission ("CPSC") announced a recall of approximately 24,900 SOWTECH Model No. CM6811 Espresso Machines with glass carafes after receiving *48 reports of the espresso machines' glass carafes breaking, resulting in at least five burn injuries.*[5] According to the recall notice, the

---

[4] *See* https://www.amazon.com/SOWTECH-Espresso-Machine-Cappuccino-Frother/dp/B0B5R9GP7J (last accessed May 27, 2025).

[5] Ex.A.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

espresso machines' glass carafe could "break while in use, posing a burn hazard to consumers" – just as the glass carafe for Plaintiff's espresso machine did here.[6]

24.     By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the espresso machine with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of brewing coffee and espresso.

25.     Plaintiff used her espresso machine for its intended purpose of brewing espresso for her and/or her family, and did so in a manner that was reasonable and foreseeable by the Defendants.

26.     However, the aforementioned espresso machine was defectively and negligently designed and manufactured, and ultimately sold and distributed by the Defendants in that, despite representations to the contrary, its glass carafe was susceptible to breaking and shattering during its ordinary, intended use; placing the Plaintiff, her family, and similar consumers in danger while using the espresso machines.

27.     The subject espresso machines possess defects that make them unreasonably dangerous for their intended use by consumers because the glass carafes are susceptible to break or shatter during use, resulting in their scalding hot contents being sprayed onto consumers.

28.     Economic, safer alternative designs were available that could have prevented the espresso machine's glass carafe from shattering during normal and intended use.

29.     Defendants knew or should have known that the espresso machines possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendants continued to ignore and/or conceal their knowledge of the espresso machines' defects from the general public and continue to generate a substantial profit from the sale of the espresso machines.

---

[6] *Id.*

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 7

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

30.     As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous espresso machine, which resulted in significant and painful bodily injuries.

31.     Consequently, Plaintiff in this case seeks compensatory damages resulting from the use of the subject espresso machine as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## VII.    CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

32.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

33.     This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

34.     At the time of Plaintiff's injuries, the espresso machines designed, manufactured, marketed, imported, distributed, and sold by Defendants were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

35.     The subject espresso machines, including Plaintiff's espresso machine, were in the same or substantially similar condition as when they left the possession of Defendants.

36.     Plaintiff did not misuse or materially alter the espresso machine.

37.     The espresso machines did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

38.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the espresso machines safe. Specifically:

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

a. The espresso machines designed, manufactured, imported, distributed, marketed, supplied and/or sold by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendants failed to properly design, manufacture, import, distribute, market, supply, and sell the espresso machines, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the espresso machines; and

e. Defendants failed to adequately test the espresso machines.

39.    Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT II - NEGLIGENCE

40.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

41.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

42.    Defendants had a duty of reasonable care to design, manufacture, import, distribute, market, supply, and sell non-defective espresso machines that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

43.    Defendants failed to exercise ordinary care in the design, manufacture, import, distribution, supply, warnings, quality assurance, quality control, advertising, marketing, promotion, and sale of the subject espresso machines in that Defendants knew or should have

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

known that said espresso machines created a high risk of unreasonable harm to the Plaintiff and consumers alike.

44.    Defendants were negligent in the design, manufacture, import, distribution, supply, advertising, warning, marketing and sale of the subject espresso machines in that, among other things, they:

    a.  Failed to use due care in designing, manufacturing, importing, distributing, supplying, advertising, marketing and selling the espresso machines to avoid the aforementioned risks to individuals;

    b.  Placed an unsafe product into the stream of commerce; and

    c.  Were otherwise careless or negligent.

45.    Despite the fact that Defendants knew or should have known about the defects and dangers described herein, Defendants continued to market (and continue to do so) the espresso machines to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

46.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

47.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

48.    Defendants designed, manufactured, imported, marketed, distributed, supplied, and sold the subject espresso machines with an implied warranty that they were fit for the particular purpose of brewing espresso efficiently and safely.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 10

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

49.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

50.     The espresso machines were not fit for the particular purpose as a safe means of brewing espresso, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

51.     Plaintiff in this case reasonably relied on Defendants' representations that the espresso machines were a quick and safe for brewing espresso.

52.     Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

53.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

54.     This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

55.     At the time Defendants designed, manufactured, imported, marketed, supplied, distributed and sold the subject espresso machine to the Plaintiff in this case, Defendants warranted that the espresso machines were merchantable and fit for the ordinary purposes for which they were intended.

56.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

57.     The espresso machines were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 11

58.    Plaintiff in this case purchased and used the espresso machine with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of brewing espresso.

59.    Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## VIII.    INJURIES & DAMAGES

60.    As a direct and proximate result of Defendants' collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident.  Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

61.    As a direct and proximate result of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

62.    As a direct and proximate cause of Defendants' collective negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 12

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

### IX.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  Judgment for Plaintiff and against Defendants;

b.  Damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendants' espresso machine;

c.  Pre- and post-judgment interest at the lawful rate;

d.  A trial by jury on all issues of the case; and

e.  For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

### JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 13

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

Respectfully submitted,

**DIAMOND~MASSONG, PLLC**

By: /s/ Maria S. Diamond
Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

*/s/* Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 14